UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$42,540.00 IN UNITED STATES CURRENCY,<br><br>Defendant. | CIVIL ACTION NO.<br>1:22-CV-02952-JPB |

# ORDER

This matter is before the Court on Don L. Devega III's ("Claimant") Motion to Dismiss Verified Complaint for Forfeiture [Doc. 13]. This Court finds as follows:

## BACKGROUND

On March 3, 2022, Drug Enforcement Administration task force officers ("TFOs") conducted surveillance at Hartsfield-Jackson Atlanta International Airport. [Doc. 1, p. 3]. As they were surveilling passengers boarding Delta Airlines Flight 516 to Los Angeles, California, the TFOs approached Claimant, who was carrying a black Nike duffle bag and a black Louis Vuitton backpack. Id. The TFOs told Claimant that they were attempting to identify individuals who possessed illegal drugs and/or large sums of currency. Id. Claimant voluntarily

agreed to speak to the TFOs and denied that he possessed any illegal drugs. Id. at 3-4. As to currency, Claimant admitted that he was carrying a large sum of money. Id. Despite this admission, Claimant told the TFOs that he was not employed and that he did not pay taxes. Id. at 5-6.

The TFOs questioned Claimant about his trip and learned that Claimant had just purchased his ticket to Los Angeles the day before the flight. Id. at 5. Claimant told the TFOs that he was going to Los Angeles to "hang out," that he did not have a place to stay while visiting and that he was returning to Atlanta the following day despite not having purchased a round trip ticket. Id. Based on Claimant's other responses, the TFOs discovered that Claimant had a criminal history of armed robbery and simple possession of marijuana. Id. at 4-6.

The TFOs seized Claimant's bags after talking with Claimant. Id. at 6. Subsequently, a K-9 officer alerted to the presence of narcotics in the bags, and a search warrant was obtained. Id. at 7. The search of Claimant's bags revealed $42,540 in currency wrapped in rubber bands. Id. at 7-8. The currency included 199 $100 bills, 178 $50 bills and 687 $20 bills. Id.

On July 26, 2022, the United States of America ("Plaintiff") filed a Verified Complaint for Forfeiture against $42,540 in United States Currency—the currency seized from Claimant's luggage. [Doc. 1]. According to the Complaint, the

currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.  Additionally, Plaintiff contends that the currency is subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(C) because it constitutes or was derived from proceeds traceable to a violation of a specified unlawful activity (i.e., dealing in a controlled substance or listed chemical.)  Claimant moved for dismissal on November 17, 2022.  [Doc. 13].  The motion is now ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  In evaluating a motion to dismiss under Rule 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint is insufficient if it only tenders naked assertions devoid of further factual enhancement.  Id.  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (citation omitted).

In sum, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Traylor, 491 F. App'x at 990 (quoting Iqbal, 556 U.S. at 678).  While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, a court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations.  Iqbal, 556 U.S. at 678.

In asset forfeiture cases, the traditional pleading rules stated above are modified by the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").  Indeed, the Supplemental Rules and CAFRA set out the pleading requirements specific to civil forfeiture actions.  For instance, Rule G(2) provides that the complaint must be verified and state the grounds for subject-

matter jurisdiction and venue. Further, Rule G(2) provides that the complaint must "describe the property with reasonable particularity," "identify the statute under which the forfeiture action is brought" and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Importantly, forfeiture complaints are not to be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. 18 U.S.C. § 983(a)(3)(D); Rule G(8)(b)(ii).

## DISCUSSION

Claimant argues that dismissal is required because the Complaint does not set forth sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden at trial. Essentially, Claimant contends that the Complaint sets forth no evidence that the currency was involved in a controlled substance offense or that Claimant was linked to any drug activities. The Court disagrees that the pleading is deficient.

It is important to note that Plaintiff is not required to prove its case at the pleading stage. Instead, under Rule G(2), Plaintiff need only state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. During trial, "the burden of proof is on the

Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1).  Because Plaintiff alleges that the currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), Plaintiff bears the burden to prove by a preponderance of the evidence that the funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.  21 U.S.C. § 881(a)(6). Similarly, under 18 U.S.C. § 981(a)(1)(C), Plaintiff will have to show, by a preponderance of the evidence, that the currency was derived from proceeds traceable to the illegal distribution of a controlled substance.

      Plaintiff's allegations sufficiently show a reasonable belief that the government will be able to meet its burden of proof at trial.  First, the quantity of cash (over $42,000) and the manner in which Claimant carried it (bundled and wrapped with rubber bands) are indicia of a connection to illegal activity. "Although a large amount of cash alone is insufficient to meet the government's burden, it is 'highly probative of a connection to some illegal activity.'" United States v. $183,791.00 in U.S. Currency, 391 F. App'x 791, 795 (11th Cir. 2010) (quoting United States v. $121,000.00 in U.S. Currency, 999 F.2d 1503, 1507

(11th Cir 1993)). The Eleventh Circuit Court of Appeals has recognized that "legitimate businesses do not transport large quantities of cash rubber-banded into bundles and stuffed into packages in a backpack . . . because there are better, safer means of transporting cash if one is not trying to hide it from the authorities." United States v. $242,484.00, 389 F.3d 1149, 1161 (11th Cir. 2004). "In contrast, drug rings do often utilize couriers to transport large amounts of cash in rubber-banded bundles." $183,791.00 in U.S. Currency, 391 F. App'x at 795.

Second, Claimant's unemployment status supports a reasonable belief that Plaintiff will be able to satisfy the preponderance of evidence burden at trial. See United States v. $389,820.00 in U.S. Currency, No. 2:20-CV-1048, 2022 WL 17573410, at *5 (M.D. Ala. Dec. 9, 2022) (citing cases for the proposition that "no evidence of legitimate sources of income is probative of illegal drug activity"). As previously stated, Claimant in this case told the TFOs that he was unemployed and that he did not pay taxes. Despite admitting that he had no legitimate source of income, Claimant had over $42,000 in his backpack.

Third, the Court cannot ignore that a K-9 officer alerted to the presence of narcotics in Claimant's luggage. While the TFOs did not find any narcotics in the bags, "[t]he fact that a narcotics detection dog alerted . . . supports [the] reasonable belief" that Plaintiff will be able to meet its burden at trial. United States v.

7

$22,900.00 in U.S. Currency, No. 8:14-cv-467, 2014 WL 3809175, at *3 (M.D. Fla. Aug. 1, 2014).

Fourth, the circumstances of Claimant's trip to Los Angeles support the reasonable belief that Plaintiff will be able to meet its burden at trial.  In this case, Claimant told the TFOs that he had just purchased his ticket to Los Angeles the day before, that he was simply going to Los Angeles to hang out and that he did not have a place to stay.  Claimant also told the TFOs that he was returning to Atlanta the very next day.  Claimant, however, had not purchased his return ticket. Especially considering Claimant's unemployment status, the circumstances of Claimant's brief trip to Los Angeles is facially suspicious.

To summarize, after considering the totality of the allegations, the Court finds that Plaintiff has sufficiently alleged facts that establish a reasonable belief that Plaintiff will be able to meet its burden at trial.  As discussed above, facts regarding (1) the sheer quantity of the cash discovered and the way in which it was bundled, (2) Claimant's employment status, (3) an alert by a certified K-9 officer and (4) the short duration of the trip to Los Angeles all support a reasonable belief that the government will be able to prove, by a preponderance of the evidence at trial, that the currency at issue is substantially connected to a controlled substance violation.  Accordingly, dismissal at this time is not proper.

## CONCLUSION

For the reasons stated above, Claimant's Motion to Dismiss Verified Complaint for Forfeiture [Doc. 13] is **DENIED**. Claimant shall file an answer to the Verified Complaint for Forfeiture within fourteen days of this order. The parties are **HEREBY ORDERED** to file the Joint Preliminary Report and Discovery Plan no later than June 27, 2023. The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal. In the event a Joint Preliminary Report and Discovery Plan is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the applicable time period.

**SO ORDERED** this 13th day of June, 2023.

_____
J. P. BOULEE
United States District Judge